UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

JOSHAN JOSEPH,

        Plaintiff,

    -against-

CITY OF NEW YORK, NEW YORK
CITY POLICE DEPARTMENT, POLICE
OFFICERS "JOHN DOE 1-20" names
and shield numbers unknown from the
NEW YORK CITY POLICE
DEPARTMENT 43rd PRECINCT

        Defendants

-------------------------------------------------------x

File # 17 cv 03923

VERIFIED COMPLAINT

PLAINTIFF DEMANDS TRIAL
BY JURY

    The plaintiff, by his attorney, JAY M. WEINSTEIN, ESQ., as and for his verified complaint, alleges, upon information and belief, as follows:

### PARTIES AND JURISDICTION

    1. That the plaintiff was and is a domicile of the State of New York, County of Bronx, and he resides within the judicial district of the United States District Court, Southern District of New York.

    2. That the plaintiff is a male African American under the age of 21 years.

    3. That the defendant, CITY OF NEW YORK, was and still is a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

    4. That the defendant, NEW YORK CITY POLICE DEPARTMENT, was and still is an agency of the defendant, CITY OF NEW YORK.

1

5. That the defendants, CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, by its agents, servants and/or employees, were and are under a duty and an obligation to provide certain services to residents and persons within the jurisdiction of the City of New York, including, but not limited to, the protection from harm and danger.

6. That at all times herein mentioned, the events as alleged herein occurred within the confines of the New York City Police Department 43rd Precinct with its headquarters located at 500 Fteely Avenue County of Bronx, New York.

7. That at the time of the incidents as set forth below herein, the New York City Police Officers John Doe 1-20 were both uniformed and plain clothes officers assigned to the 43rd Precinct including, but not limited to: Detective Fernando Gonzales, shield number unknown, Police Officer Kilroy shield number 11244, Police Officer Rodriguez shield number 4117, Police Officer John Echevarria, shield number unknown, and Police Officer Edwin Espinal, shield number 9609.

8. That at all times herein mentioned the defendants, JOHN DOE 1-20 as employees of the defendants, CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, were acting under color of state and city law.

9. That at all times herein mentioned the defendants, JOHN DOE 1-20 were acting under the direction of their superior officers who were employee of CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT.

10. That this action is brought pursuant to 28 U.S.C. section 1331.

11. That this action is brought pursuant to 42 U.S.C. sections 1983, et seq. and section 1988.

## FACTUAL BACKGROUND

## EVENT # 1

12. That at some time on or after June 27, 2015 and continuing to date, the defendants, jointly and/or severally, began an intentional and unjustifiable crusade against the defendant by reason of his race, his age and his gender.

13. That without cause or evidence the defendants, led by Detective Fernando Gonzalez, posted flyers and leaflets within the confines of the 43rd Precinct in which the plaintiff was accused of having committed violent criminal offenses.

14. That no evidence has ever existed to link the plaintiff to the alleged activities as described in the said flyers and leaflets.

15. That as a result of the posting of the flyers and leaflets the defendants began a pattern of unjustifiable harassment, illegal arrests and racial profiling against the plaintiff solely by reason of his race, his age and his gender.

## EVENT # 2

16. That as a result of the said profiling of the plaintiff on July 18, 2015 the plaintiff was arrested and was charged with allegedly committing acts of robbery, assault, petit larceny and harassment in concert with another in the vicinity of Rosedale Avenue and Watson Avenue, Bronx, New York.

17. That following the arrest the plaintiff was never read his "Miranda Rights."

18. That following the arrest and as early as July 20, 2015, the defendants were told by eye witnesses that the plaintiff was not a participant in the alleged event.

19. That despite obtaining no admissible evidence that linked the plaintiff to the alleged criminal activity, the defendants intentionally and without justification refused to withdraw their

criminal complaint against the plaintiff.

20. That as a result of the unjustifiable failure and refusal by the defendants to withdraw the complaint the plaintiff's record continued to show the existence of a violent felony arrest against him.

21. That as a result of the aforementioned, the defendant was required to unnecessarily appear in Criminal Court Bronx County, docket # 2015BX032964 for trial and/or disposition.

22. That the plaintiff continually pled not guilty to the said charges.

23. That after causing unnecessary and unjustified harassment to the plaintiff for approximately 18 months, on January 12, 2017 the defendants' complaint against the plaintiff was dismissed.

### EVENT # 3

24. On April 14, 2016 at approximately 1:00 A.M. as the plaintiff was lawfully traversing on Watson Avenue in the vicinity of 1744 Watson Avenue, Bronx, New York, the plaintiff was unlawfully and without justification stopped by police officers.

25. The sole reason for the stop was because the plaintiff was a young African American male.

26. That during the said stop the plaintiff was assaulted, handcuffed and placed into the custody of the defendants without having been read his "Miranda Rights."

27. The plaintiff was thereafter removed to the 43rd Precinct and later to Criminal Court, Bronx County.

28. That the defendants alleged in its complaint against the plaintiff under docket number 2016BX016078 that the plaintiff was charged with assault, menacing, criminal possession of a weapon and harassment that allegedly occurred at the intersection of Leland and Gleason

Avenues, Bronx, New York.

29. That the basis of the said complaint was the unreliable identification of the plaintiff by a third party.

30. That the defendants knew that the identification of the plaintiff was unreliable.

31. The defendants knew that no admissible evidence existed to link the plaintiff to the alleged crimes.

32. That despite the lack of admissible evidence the defendants intentionally and without justification continued to allow the complaint to be prosecuted against the plaintiff.

33. That on April 27, 2017 the aforementioned unjustified charges were dismissed by the Court.

### EVENT # 4

34. On May 8, 2016 as the plaintiff was lawfully riding his bicycle within the Sonia Sotomayor housing project, Bronx, New York, that several police officers did, without cause or justification, push the plaintiff off of his bicycle.

35. That after pushing the plaintiff off of his bicycle, that five uniformed officers converged upon the plaintiff, including but not limited to Police Officer Kilroy, shield number 11244 and Police Officer Rodriguez, shield number 4117.

36. That although many people ride their bicycles within the subject housing project, the police officers particularly sought out the plaintiff by reason of his race, his age and his gender and issued him a summons.

### EVENT # 5

37. That on or about May 17, 2016, when the plaintiff was within the said Sonia Sotomayor housing project, that two plain clothes officers placed the plaintiff under arrest for no reason

5

whatsoever.

38. The plaintiff was handcuffed and one of the officers twisted the plaintiff's hands behind his back.

39. The said officers removed the plaintiff to 1040 Watson Avenue and thereafter the officers dragged the plaintiff through the said building and into an unmarked police car.

40. The plaintiff remained in handcuffs for approximately 20 minutes.

41. The plaintiff was brought to the 43rd Precinct of the New York City Police Department but was not brought into the precinct building.

42. That the police officers released the plaintiff with a summons.

43. That there was no lawful justification for the arrest.

### AS AND FOR A FIRST CAUSE OF ACTION
### VIOLATION OF FOURTH AMENDMENT RIGHTS

44. That the plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "43" inclusive, as if set forth in full herein.

45. That the acts of the defendants, by its police officers, were excessive, unreasonable and were in violation of the plaintiff's rights pursuant to the Fourth Amendment of the Constitution of the United States.

46. That the said illegal and unreasonable actions of the defendants' police officers were committed under actual or apparent color and authority of law.

47. That the actions of the police officers , as alleged, deprived the plaintiff of his rights, privileges and immunities as secured by the Constitution of the United States.

48. That the plaintiff was caused to sustain serious and protracted bodily injuries and mental and emotional distress which will continue into the future; that he was caused great pain

and suffering which will continue into the future; that he was cause to expend great sums of money for medical, hospital and medicine expenses, which will continue into the future; and his injuries are permanent in nature.

49. That by reason of the aforementioned, the plaintiff has been damaged in the amount of $2,000,000.00 together with punitive damages, attorneys fees, costs and disbursements as permitted by law.

### AS AND FOR A SECOND CAUSE OF ACTION
### VIOLATION OF FOURTEENTH AMENDMENTS RIGHTS

50. That the plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "49" inclusive, as if set forth in full herein.

51. That the said excessive and violent physical contact upon the plaintiff, by defendants' various police officers, was reckless and was intended to deprive the plaintiff of life, liberty and property without due process of law and same was applied maliciously and sadistically to cause harm and was not done in a good faith effort to maintain or restore discipline.

52. That the said intentional and reckless conduct of the said police officers did so deprive the plaintiff of the equal protections of the laws.

53. That the actions of the defendants as alleged deprived the plaintiff of his rights, privileges and immunities as secured by the Constitution of the United States.

54. That the said illegal actions of the defendants, by their various police officers were committed under actual or apparent color and authority of law.

55. That by reason of the aforementioned, the plaintiff has been damaged in the amount of $2,000,000.00 together with punitive damages, attorneys fees, costs and disbursements as permitted by law.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST
### SYSTEMATIC PATTERN OF AND PRACTICE OF KNOWN MISCONDUCT:
### RACIAL PROFILING

56. That the plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "55" inclusive, as if set forth in full herein.

57. That at times prior to June 27, 2015 and continuing to date, the CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT had in place a pattern and practice in place whereby they permitted their police officers to profile, without provocation, young African American males who were placed under arrest for any reason regardless of justification and the said actions were in violation of the Fourth and the Fourteenth Amendments of the Constitution of the United States.

58. That the said violent and non-violent actions against young African American males as alleged, was known to the superiors of the defendants' police officer.

59. That the known malicious, unjustified and unprovoked profiling and arrest by their police officers was not remedied by CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT by their superior officers and/or the final policy-making officials.

60. That by reason of the aforementioned the plaintiff has been damaged in the amount of $2,000,000.00 together with punitive damages, attorneys' fees, costs and disbursements as permitted by law.

WHEREFORE, plaintiff demands judgment against the defendants as follows:

a) as and for a first cause of action in the amount of $2,000,000.00;

b) as and for a second cause of action in the amount of $2,000,000;

c) as and for a third cause of action in the amount of $2,000,000.00;

together with interest from June 27, 2015, punitive damages, attorneys fees, costs,

disbursements and for such other and further relief as permitted by law.

Dated: Woodmere, New York
      May 22, 2017

                                      Yours, etc.

                                      JAY M. WEINSTEIN
                                      Attorney for Plaintiff
                                      503 Longacre Avenue
                                      Woodmere, New York 11598
                                      (516) 569-2146

                              BY: _____
                                  JAY M. WEINSTEIN (jmw6064)

File No.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSHAN JOSEPH,

        Plaintiff,

 -against-

CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT "JOHNDOE 1-20" names and shield numbers unknown, from the NEW YORK CITY POLICE DEPARTMENT 43Rd PRECINCT,

        Defendants.

**VERIFIED COMPLAINT**

JAY M. WEINSTEIN, ESQ.
Attorney for Plaintiff
503 Longacre Avenue
Woodmere, New York 11598-2307
(516) 569-2146

To:
Attorney for

Service of a copy of the within
is hereby admitted.
Dated:

_____
Attorney for